IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02186-PAB

HTO HOLDINGS, INC., a Delaware Corporation,

    Plaintiff,

v.

BRADLEY LEBSOCK, an individual,
DAVID WADE LEBSOCK, an individual,
BRANDON LEBSOCK, an individual,
L7 AG, LLC, a Colorado limited liability company,
L7 GRAIN, LLC, a Colorado limited liability company,
L7 HEMP, LLC, a Colorado limited liability company,
L7 EXTRACTORS LLC, a Colorado limited liability company,
L7 TRADING, LLC, a Colorado limited liability company,
BOTANIX EQUITIES, LLC, a New York limited liability company, d/b/a Lebsock Pharms,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Response to Second Order to Show Cause [Docket No. 19] filed on August 31, 2020. Plaintiff, through an amended complaint submitted in response to the Court's second order to show cause, asserts that the Court has jurisdiction pursuant to 28 U.S.C. 1332. Docket No. 20 at 3, ¶ 5.

Plaintiff filed its complaint on July 24, 2020. Docket No. 1. On July 28, 2020, the magistrate judge ordered plaintiff to show cause on or before August 11, 2020 why this case should not be dismissed due to a lack of subject matter jurisdiction. Docket No. 8 at 3. The magistrate judge concluded that the allegations in the complaint were

insufficient to establish subject matter jurisdiction because plaintiff failed to identify the citizenship of defendants Bradley Lebsock, David Wade Lebsock, and Brandon Lebsock. *Id.* at 2-3. The complaint only alleged residency of these individual defendants, and did not establish the citizenship of the various limited liability company ("LLC") defendants given that plaintiff failed to identify the members of the LLCs or their citizenship. *Id.* Because the pleadings were insufficient to determine the parties' citizenship, the magistrate judge could not conclude that the court had subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* at 1.

On August 11, 2020, plaintiff filed a response to the magistrate judge's order to show cause. Docket No. 12. After filing a response, the parties filed a notice that they did not consent to the magistrate judge's jurisdiction, Docket No. 13, and the case was assigned to this Court. Docket No. 16. Plaintiff's response did not remedy the deficiencies identified in the magistrate judge's order to show cause, and the Court issued a second order to show cause. Docket No. 17. The Court found that plaintiff had failed to affirmatively establish subject matter jurisdiction since plaintiff relied on "information and belief" in its first amended complaint. *Id.* at 2-3. Additionally, the Court concluded that plaintiff had failed to identify the members of the defendant LLCs or those members' citizenship. *Id.* at 3.

On August 31, 2020, plaintiff filed its response to the Court's second order to

2

show cause, as well as an amended complaint. *See* Docket No. 19, 20. Plaintiff's response and second amended complaint still do not address the deficiencies noted in Docket Nos. 8 and 17. Plaintiff fails to identify all the members of the defendant LLCs and those members' citizenship. For example, plaintiff alleges that defendant "L7 AG is a Colorado limited liability company that maintains its principal place of business in the State of Colorado. L7 AG is owned by L7 Trading, a Colorado limited liability company that maintains its principal place of business in the state of Colorado." Docket No. 20 at 3-4, ¶ 10. The allegations as to the other defendant LLCs follow the same pattern. *See id.* at 4, ¶¶ 11-15. However, as both the Court and the magistrate judge pointed out, the principal place of business and place of incorporation is irrelevant to the citizenship of an unincorporated association such as an LLC. Docket 8 at 2-3; Docket No. 17 at 3. Rather, plaintiff must inform the court of each and every member of the LLC and those members' citizenship. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Whether one LLC "owns" another LLC does not establish whether that "owner" is the sole member and, moreover, without demonstrating the citizenship of that owner, the Court cannot determine the citizenship of the "owned" LLC. Additionally, whether counsel for plaintiff and defendants "agree that diversity jurisdiction exists in this case," Docket No. 19 at 2, is irrelevant. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[T]he consent of the parties is irrelevant."); *Prier v. Steed*, 456 F.3d 1209, 1214 (10th Cir. 2006)

(same).

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a [proponent] pleads sufficient facts to establish it."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.").  The Court gave plaintiff "one more opportunity to demonstrate the Court's subject matter jurisdiction."  Docket No. 17 at 4.  Given plaintiff's failure to respond to the deficiencies identified in both orders to show cause, the Court finds that plaintiff has failed to carry its burden of establishing subject matter jurisdiction as a threshold matter.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." (quotations omitted)).  Wherefore, it is

**ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  It is further

**ORDERED** that this case is closed.

DATED September 4, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

4